**SANSOM REFINING COMPANY**

v.

**BACHE HALSEY STUART SHIELDS, INC.**

v.

**Richard ROBINSON and Marilyn Robinson.**

Civ. A. No. 81–2060.

United States District Court, E. D. Pennsylvania.

Nov. 13, 1981.

---

Paul J. McMahon, Philadelphia, Pa., for plaintiff.

Gerard J. St. John, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

The defendant seeks to discover information that can only be provided by the plaintiff's accountants. The accountants with the support of the plaintiff have invoked the accountant-client privilege recognized by statute in Pennsylvania. *See* 63 Pa.Stat. Ann. § 9.11a.

The defendant seeks information relating to the supervision of the trading accounts in question as well as the amount of loss sustained by plaintiff because of the allegedly unauthorized trades. These requests clearly seek relevant information. One of the partners in the plaintiff-partnership has testified at deposition that during the 5 months in which Robinson was allegedly trading without authorization, the accountants were responsible for supervising the account. In addition, after the plaintiff allegedly discovered the unauthorized trades, it was the accountants who investigated the situation at the plaintiff's direction. Thus, the accountants are in the best position to say how much the plaintiff was injured by the allegedly unauthorized trading. In addition, they may be able to

shed some light on how the trading took place. If the plaintiff had this same information in its possession, I would compel it to produce the information for the defendant.

The privilege was not recognized at common law. Because it is in derogation of the common law, it must be strictly construed, that is, not given any broader scope than appears on its face. The privilege that the plaintiff's accountants assert is not unqualified. It can be waived but only by the plaintiff because the privilege belongs to the client. When the client commences a lawsuit the allegations of which make relevant information and knowledge in the possession of the accountant and where the information or knowledge would be discoverable from the client if it was in his possession, then the client should be deemed to have waived the privilege by initiating the suit. The privilege could not have been intended to cloak material that would be discoverable from the client if it was in the client's possession. *See Greenfield Foundation v. Bankers Securities Corp.*, 7 Pa.D. & C.3d 535, 543 (C.P.Phila., 1975).

For these reasons I conclude that the defendant is entitled to the discovery it seeks from the plaintiff's accountants.